**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4616**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

MARLON ROBERTS, a/k/a Bobby,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:07-cr-00395-CCB-6)

_____

Submitted:  April 28, 2011          Decided:  May 2, 2011

_____

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Cordell A. Hull, Yamilet Hurtado, PATTON BOGGS, LLP, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlon Roberts appeals from his convictions and resulting 121-month sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute methamphetamine and conspiracy to launder money. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but raising the issues of whether counsel was ineffective in persuading Roberts to enter into a guilty plea and whether counsel was ineffective in failing to secure an even further reduced sentence. We affirm.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant generally must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.

To demonstrate ineffective assistance, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was

2

"prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 692, 694 (1984). In the context of a plea agreement, where a defendant claims ineffective assistance, the prejudice prong is satisfied where the defendant shows that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Counsel can be found ineffective for giving advice that leads to an involuntary guilty plea. In Hill, the Supreme Court held that, in order to prove ineffective assistance of counsel in that context, the defendant had to prove: (1) that counsel's errors were below a standard of reasonable competence, and (2) that but for those errors, the defendant would not have pleaded guilty, but would have instead proceeded to trial. "[A] guilty plea is constitutionally valid if it 'represents a voluntary and intelligent choice among the alternative choices of action open to the defendant.'" United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Here, the record does not conclusively show that counsel was ineffective for advising Roberts to enter into the

3

plea agreement. Our review of the record also indicates that Roberts' guilty plea was knowing and voluntary. Finally, the record does not conclusively demonstrate ineffective assistance related to sentencing.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Roberts, in writing, of the right to petition the Supreme Court of the United States for further review. If Roberts requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roberts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>